IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MITAL HOSPITALITY, INC.          §
D/B/A ARMSTRONG GUERRERO INS     §
HOSPITALITY,                     §
                                 §
            Plaintiff,           §
                                 §
VS.                              §    NO. 4:16-CV-893-A
                                 §
EVANSTON INSURANCE COMPANY       §
F/K/A ALTERRA EXCESS & SURPLUS   §
INSURANCE COMPANY, ET AL.,       §
                                 §
            Defendants.          §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Mital
Hospitality, Inc., d/b/a Armstrong Guerrero Ins Hospitality, to
abstain and remand. The court, having considered the motion, the
response of defendant Evanston Insurance Company f/k/a Alterra
Excess & Surplus Insurance Company ("Evanston"), the record, and
applicable authorities, finds that the motion should be denied
and that plaintiff's claims against defendants Brush Country
Claims, Ltd. a/k/a Brush Country Group, LLC ("BCC") and Mitchell
Wade Ragland ("Ragland") should be dismissed.

I.

## Background

On August 24, 2016, plaintiff filed its original petition in
the 271st Judicial District Court of Wise County, Texas.
Plaintiff alleges as follows:

Evanston issued to plaintiff a commercial insurance policy covering premises located in Decatur, Texas. Defendant Markel Services Incorporated ("Markel") was the claims service processor. Evanston or Markel hired BCC as third party claims adjusting company, and BCC, in turn, employed Ragland as insurance adjustor. Plaintiff's property was damaged by a wind and hailstorm on or about October 24, 2015, for which plaintiff submitted a claim for payment by Evanston and/or Markel. Ragland had a vested interest in undervaluing the claim in order to maintain his employment and made misrepresentations as to the amount of damage and failed to adjust the claim properly.

Plaintiff sues BCC and Ragland for noncompliance with the Texas Insurance Code Unfair Claim Settlement Practices Act, Tex. Ins. Code § 541.060(a), for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§17.41-.63 ("DTPA"), fraud, negligence, and gross negligence.

On September 28, 2016, Evanston filed its notice of removal bringing the case before this court. Evanston says that the case is properly removed because the citizenship of BCC and Ragland should be ignored as they have been improperly joined as defendants.

II.

## Basis of the Motion

Plaintiff contends that Evanston cannot establish that removal was proper because it cannot show that plaintiff has failed to state claims against BCC and Ragland upon which relief might be granted.

III.

## Applicable Legal Principles

A.   Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

B.   <u>Fraudulent or Improper Joinder</u>

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." <u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that
> there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover
> against an in-state defendant.

<u>Smallwood v. Ill. Cent. R.R.</u>, 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." <u>Id.</u> at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a

4

conclusion that plaintiff might be able to recover against BCC and Ragland.

C.   The Pleading Standard to be Used in the Rule 12(b)(6)-
     Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[2] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual

---

[2]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a Federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b). Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

IV.

Analysis

As Evanston notes, this is but another in a long line of cases where a plaintiff joins as a defendant an insurance adjustor or other non-diverse party in an effort to defeat

removal jurisdiction.[1] Plaintiff proudly cites to allegations of the original petition as tracking statutory language of the Insurance Code and DTPA to support the contention that removal was improper because it has stated viable claims against each defendant. Doc.[2] 6 at 6-7. However, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than a formulaic recitation of the elements of a cause of action or mere labels and conclusions. Iqbal, 556 U.S. at 678.

Here, plaintiff has done nothing more than make conclusory allegations without any plausible facts to support them. It has made no attempt to spell out the who, what, when, where, and how of the purported fraud and other statutory violations. And, in any event, the purported misrepresentations relate only to the investigation and scope of damage, not to the coverage provided under the policy. See Mainali Corp. v. Covington Specialty Ins.

---

[1]See, e.g., Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014).

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

Co., No. 3:15-CV-1087-D, 2015 WL 5098047, at *3 (N.D. Tex. Aug. 31, 2015).

There can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002). In other words, the manner in which the claim was investigated must be the proximate cause of the damages alleged. Provident Am Ins. Co. v. Castaneda, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, plaintiff has not alleged such a separate injury.

After a study of plaintiff's state court pleading, and a review of applicable authorities, for essentially the same reasons given in the cases cited in footnote 1 why the claims adjustors were improperly joined in those cases, the court concludes that plaintiff named BCC and Ragland as defendants in this action for the purpose of attempting to defeat federal court jurisdiction.[3] These defendants were improperly joined. None of the claims asserted against them would survive a motion to dismiss for failure to state a claim upon which relief may be

---

[3]This conclusion is supported by the badges of improper joinder noted by Evanston, including that the same lawyers have used the same boilerplate allegations in numerous cases. Doc. 8 at 12-13. See Plascencia, 2014 WL 11474841, at *6-*7.

granted, with the consequence that their citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against these defendants should be dismissed.

## V.

### Order

The court ORDERS that plaintiffs' claims against BCC and Ragland be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against said defendants.

The court further ORDERS that the caption of this action be, and is hereby, amended to reflect that Evanston and Markel are the only defendants.

SIGNED December 6, 2016.

_____
JOHN McBRYDE
United States District Judge